IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS L. TAYLOR, # 02079-025,

    Petitioner,

vs.                              Case No. 14-cv-304-DRH

JAMES CROSS,

    Respondent.

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentences. The petition was filed on March 4, 2014.

## Background

Following his plea of guilty to five counts of his second superseding indictment, petitioner was sentenced in this Court on June 5, 1991, to serve concurrent sentences totaling 420 months. Count 1 was for conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Doc. 1, pp. 22, 48-49). Counts 5, 9, and 26 were for possession of three separate firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Doc. 1, pp. 35, 37, 46-49). Count 6 was for the sale of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Doc. 1, pp. 36, 48-49).

The Court found that on Count 1, under 21 U.S.C. § 841(b)(1)(A), petitioner was subject to a mandatory life term because he had two prior drug convictions (Doc. 1, pp. 28, 51 (adopting findings and guideline application in the presentence report)). However, he was sentenced below that guideline range to only 420 months because of his substantial assistance to the government (Doc. 1, p. 51).

Petitioner received concurrent 405-month terms on each of the felon-in-possession counts (5, 9, and 26). Because he had three prior qualifying convictions, he was subject to a mandatory minimum sentence of 15 years on these counts pursuant to 18 U.S.C. § 924(e) (Doc. 1, p. 15). He was sentenced to 120 months (the maximum sentence) for Count 6 (Doc. 1, pp. 28, 49). All these sentences were to be served concurrently to a previously-imposed Illinois state sentence of three years for escape (Doc. 1, pp. 20, 49).

Petitioner did not file a direct appeal, but later filed two challenges to his sentence. In 1997, he unsuccessfully sought relief pursuant to 28 U.S.C. § 2255, claiming a violation of his plea agreement (Doc. 1, p. 4). *Taylor v. United States*, Case No. 97-cv-360 (S.D. Ill., filed April 23, 1997). On January 23, 2004, he filed a habeas corpus petition under 28 U.S.C. § 2241, arguing that his sentence for conspiracy should not have been enhanced under the career offender guidelines and that he was actually innocent of the facts used to enhance his sentence as a career offender. *Taylor v. Veltri*, Case No. 04-cv-57 (S.D. Ill.). This Court dismissed the petition for lack of jurisdiction, finding it to be an unauthorized successive motion under § 2255 (Doc. 3 in Case No. 04-cv-57).

**The Habeas Petition**

In the instant petition, two arguments are raised, both claiming that petitioner is "actually innocent" of the enhanced sentences he received. First, petitioner asserts that under *Burrage v. United States*, 134 S. Ct. 881, 887 n.3 (2014), which observed in a footnote that 21 U.S.C. § 841(a)(1) is a "lesser included offense" of the crime specified in § 841(b)(1)(C) (death resulting from the use of the unlawfully distributed drug), he should not have been subject to the statutory maximum life sentence (Doc. 1, pp. 12-14). He claims that he pled guilty only to conspiracy to violate 21 U.S.C. § 841(a)(1), and was not charged nor did he plead guilty to a violation of § 841(b)(1)(A) – the provision under which he was sentenced. Standing alone, § 841(a)(1) carries a penalty of only five days or less pursuant to 18 U.S.C. § 3559, according to petitioner. Therefore, this Court had no statutory jurisdiction to sentence him outside § 841(a)(1), and his 420-month sentence must be vacated (Doc. 1, p. 14).

Secondly, petitioner argues that he is actually innocent of the 405-month enhanced sentences for the felon-in-possession counts, which were imposed because he had three prior qualifying felony convictions within the parameters of 18 U.S.C. § 924(e) (Doc. 1, pp. 15-18). Two of those prior convictions were in 1970 for burglary and in 1973 for delivery of a controlled substance, both of which he now contends should not have been counted for enhancement purposes, because his civil rights had been restored on those offenses by operation of law before his conviction in the instant case. Petitioner raises no issue as to the third

prior felony, for another delivery of controlled substance offense in 1984. Relying on *Caron v. United States*, 524 U.S. 308 (1998); *United States v. Adams*, 698 F.3d 965 (7th Cir. 2012); and *United States v. Osborne*, 262 F.3d 486 (5th Cir. 2001), he claims that under the Illinois statute[1] in effect prior to 1984, his civil rights were restored as of 1980, which was five years after he completed his sentences on the 1970 and 1973 felonies. Therefore, those two convictions should not have been counted against him, and without them, he did not have the requisite three prior felonies for the imposition of the sentence enhancement.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief as to his challenge to Count 1. Therefore, that portion of his petition (hereinafter designated as **Claim 1**) shall be dismissed pursuant to Rule 4. However, the Court concludes that petitioner's challenge to the career-criminal enhancement of his sentences for Counts 5, 9,

---

[1] ILL. REV. STAT. Ch. 38, ¶¶ 24-1.1(b), 24-3.1 (1975) (discussed in *Adams*, 698 F.3d 965, 966 (7th Cir. 2012)). Although the *Adams* court found that the defendant in that case had not had his civil rights restored, it acknowledged that the 1975 version of the statute would have done just that if the law had not been changed before the defendant's 1984 release from prison, and if he had stayed out of prison for the five years following his release.

and 26 (hereinafter designated as **Claim 2**), survives preliminary review under Rule 4.  Therefore, a response shall be ordered as to that claim only.[2]

### Dismissal of Claim 1 – Challenge to 420-Month Sentence for Cocaine Distribution Conspiracy Under 21 U.S.C. § 841(b)(1)(A)

As a general rule, § 2241 is the appropriate means by which to challenge the *execution* of a sentence, while § 2255 is to be used to challenge the validity of a conviction and sentence.  *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  Clearly, petitioner is attacking the validity of his sentence, but that does not end the analysis.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."  *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, in order to fit within the savings

---

[2] Rule 4 authorizes the judge to order the respondent to "take other action" if the petition is not dismissed.  In accordance with the 1976 Advisory Committee notes to Rule 4, this authorization may include ordering a response to only that portion of the petition which appears to have some merit, while the remainder of the petition is dismissed.

clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner bases his attack on his cocaine-distribution-conspiracy sentence under § 841(b)(1)(A) on *Burrage v. United States*, 134 S. Ct. 881 (2014), which is indeed a statutory interpretation case. *Burrage* is one in a line of cases tracing back to *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding that a factor which increases the minimum or maximum possible sentence must be submitted to a jury and found beyond a reasonable doubt. The recency of the *Burrage* decision shows that petitioner could not have invoked it in his § 2255 motion, but to date, the case has not been found to apply retroactively. Most importantly, however, petitioner fails to demonstrate any "fundamental defect" in his sentence as a result of the new interpretation announced in *Burrage*.

The central issue in *Burrage* was whether a defendant may be sentenced under the enhanced penalty provision of § 841(b)(1)(C) (a 20-year mandatory minimum sentence where death "results from" the use of the unlawfully

distributed drug), if the use of the drug "contributes to, but is not a but-for cause of, the victim's death." *Burrage*, 134 S. Ct. at 885. The Court concluded that "but-for" causation is required in order for the enhanced penalty to apply. *Id*. at 892. Neither that enhancement nor the fact that the *Burrage* jury instructions failed to comply with the Court's statutory interpretation has any application to petitioner's case – he pled guilty, and his sentence was subject to enhancement under a different provision of the statute.

In reaching its holding on the resulting-death sentence enhancement, the *Burrage* Court noted that the crime at issue in that case has two elements: (1) knowing or intentional distribution of the controlled substance under § 841(a)(1), and (2) death resulting from the use of the drug under § 841(b)(1)(C). *Burrage*, 134 S. Ct. at 887. As such, the Court reasoned that *both* elements must be found by a jury beyond a reasonable doubt. *Id*. at 887. It noted as an aside that the first element, the violation of § 841(a)(1), was a "lesser included offense" of the charge that the victim's death had resulted from the use of the drug distributed by Burrage. *Id*. at 887, n.3. There was no dispute that Burrage was guilty of that lesser included offense, hence the Court's focus on whether the jury had been properly instructed on the question of whether the drug use had caused the death.

Petitioner's conspiracy offense under 21 U.S.C. § 846 may likewise be analyzed as having two elements. The first element was the conspiracy to distribute cocaine in violation of § 841(a)(1); the second element of the offense is found in § 841(b). Section 841(b) states that for any violation of § 841(a), with

exceptions not relevant here, the sentence shall be as provided in one of the subsections of § 841(b).  These subsections outline different sentences depending on the quantity of drugs involved, as well as enhancements for a person convicted of prior drug offense(s).  Petitioner's crime of conspiracy to distribute a quantity in excess of five kilograms of cocaine falls under § 841(b)(1)(A).  The enhancement applicable to petitioner directs a mandatory life term for a person who has two or more prior felony drug convictions.

Petitioner believes, because § 841(a) is a "lesser included offense" of the crime of causing the death of the person who used the unlawfully-distributed drug (per *Burrage*), that § 841(b)(1)(C) is "a separate statutory offense" (Doc. 1, p. 13).  This is not correct.  Based on this flawed premise, petitioner concludes that § 841(a), standing alone, carries a penalty of only five days or less (citing 18 U.S.C. § 3559) (Doc. 1, p. 13).  Contrary to petitioner's argument, however, § 841 is a single statute, containing several subsections outlining different "penalties" in part (b), that vary according to the quantity of drugs and other factors involved in the "unlawful acts" described in part (a).  21 U.S.C. § 841(a) and (b).

Petitioner claims that he pled guilty only to conspiracy to violate § 841(a), and was never charged with violating § 841(b) (Doc. 1, p. 14).  But the second superseding indictment (Doc. 1, p. 33-34) clearly includes the conduct – intentional distribution of "in excess of 5 kilograms of cocaine" – which subjects "any person who violates subsection (a) [of §841]" to the penalties listed in § 841(b)(1)(A), based on that drug quantity.  21 U.S.C. § 841(b).  Further,

petitioner stipulated to the fact that the drug distribution conspiracy involved in excess of 5 kilograms of cocaine (Doc. 1, pp. 21-22). As a result, he was subject to a sentencing range of a minimum ten years, to a maximum of life, even if he had no prior drug convictions. § 841(b)(1)(A). One prior drug offense increases the minimum sentence to 20 years, and a second prior drug offense triggers the mandatory life sentence. *Id*. Petitioner's sentence of 420 months for the drug conspiracy charge was well within the non-enhanced sentencing range authorized by the statute. Thus, contrary to his argument, petitioner's sentence did not exceed the sentence authorized by § 841, and the Court had jurisdiction to impose the sentence outlined in § 841(b)(1)(A). He is not entitled to habeas relief on this issue.

**<u>Disposition</u>**

**IT IS THEREFORE ORDERED** that **Claim 1** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that as to **Claim 2 – Challenge to the 405-Month Enhanced Sentences for Possession of Firearms by a Convicted Felon (Counts 5, 9, and 26),** respondent shall answer or otherwise plead on or before April 28, 2014.[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 26 2014**

Digitally signed by David R. Herndon
Date: 2014.03.26 12:00:03 -05'00'

**Chief Judge**
**United States District Court**