IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS L. TAYLOR,
#02079-025,

        Petitioner,

                              Civil No. 14-cv-304-DRH-CJP

vs.

JAMES CROSS,

        Respondent.

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Thomas Taylor's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is now before the Court. Based on the following, the Court denies and dismisses with prejudice the petition.

In 1991, petitioner was convicted in this District of conspiracy to distribute over five kilograms of cocaine, three counts of possession of three separate firearms by a convicted felon, and sale of a stolen firearm. Petitioner was sentenced to serve concurrent sentences totaling 420 months. Petitioner received enhanced sentences on the conspiracy to distribute and felon in possession charges because he had three prior felonies. *Taylor v. Cross*, No. 14-cv-304-DRH, 2014 WL 1256371 (S.D. Ill. Mar. 26, 2014). These convictions were a 1970 burglary conviction, a 1973 delivery of a controlled substance offense, and a 1984 delivery of a controlled substance offense. Doc. 1, pp. 25-26.

## **Procedural History**

In 1997, petitioner filed a motion under 28 U.S.C. §2255 with this Court. The motion claimed a violation of his plea agreement based on ineffective assistance of counsel. The motion was denied. *See Taylor v. United States*, Case No. 97-cv-360 (S.D. Ill., filed Apr. 23, 1997).

In 2004, petitioner brought his first 28 U.S.C. §2241 petition before this Court. *Taylor v. Veltri*, Case No. 04-cv-57 (S.D. Ill.). He argued that his sentence for the conspiracy charge should not have been enhanced under the career offender guidelines and that he was actually innocent of the facts used to enhance his sentence as a career offender. *Id*. The motion was denied because petitioner failed to challenge the legality of his sentence in his prior §2255 motion. (Doc. 3 in Case No. 04-cv-57). Petitioner then filed a motion to consider a second or successive §2255 motion. This §2255 failed because petitioner did not obtain the requisite permission from the Seventh Circuit to file the petition. This Court found it had no jurisdiction to consider the successive §2255 and the petition was dismissed without prejudice for lack of jurisdiction.

In March 2014, petitioner filed the instant petition. Petitioner raised two arguments, both claiming petitioner is "actually innocent" of the enhanced sentences he received. Petitioner's first claim, that this Court did not have statutory jurisdiction to sentence him outside of 21 U.S.C. §841(a)(1) and his 420 month sentence should be vacated, was dismissed pursuant to Rule 4 of the Rules

Governing §2254.[1] See Doc. 4.[2]

Petitioner's second claim is that he is actually innocent of the 405 month enhanced sentence for the felon-in-possession counts. This sentence was imposed because petitioner had three prior qualifying felony convictions within the parameters of 18 U.S.C. § 924(e) (Doc. 1, pp. 15-18). One of the convictions was from 1970 for burglary and another was from 1973 for delivery of a controlled substance. He raises no issue as to the third prior felony, for another delivery of controlled substance offense in 1984.

Petitioner relies on *Caron v. United States*, 524 U.S. 308 (1998); *United States v. Adams*, 698 F.3d 965 (7th Cir. 2012); and *United States v. Osborne*, 262 F.3d 486 (5th Cir. 2001), and claims that under the Illinois statute[3] in effect prior to 1984, his civil rights were restored as of 1980, which was five years after he completed his sentences on the 1970 and 1973 felonies. He argued that those two convictions should not have been counted against him, and without them, he did not have the requisite three prior felonies for his sentence to be enhanced.

### Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United*

---

[1] Rule 4 states that the court must dismiss the petition if upon preliminary consideration by a district court judge it is plainly apparent that the petitioner is not entitled to relief from the district court.
[2] The Court notes that even if petitioner were successful with the portions of his §2241 petition that survived preliminary review, his 420 month sentence is still valid and petitioner's sentence would not be affected.
[3] ILL. REV. STAT. Ch. 38, ¶¶ 24-1.1(b), 24-3.1 (1975).

*States*, 138 F.3d 693, 694 (7th Cir.1998). Rather, the vehicle for challenging a federal conviction or sentence is a motion pursuant to 28 U.S. C. §2255, brought in the court of conviction. Indeed, a §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

A prisoner is generally limited to only one challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). See, *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d

605, 611 (7th Cir. 1998).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

As outlined above, petitioner argues that he is actually innocent of the 405 month enhanced sentences for the felon-in-possession counts. Respondent claims petitioner is procedurally barred from relief and was convicted under the Armed Career Criminal Act ("ACCA") and was therefore subject to enhanced sentencing.

1. Sentencing Standard

In 1991, petitioner pleaded guilty to three counts under 18 U.S.C. §922(g)(1) which states, ""(g) It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition…" Petitioner was then sentenced under the ACCA as an armed career offender pursuant to 18

U.S.C. §924(e). This statute requires an enhanced sentence of at least fifteen years if the person has three separate previous convictions of a violent felony. A conviction under this statute is defined in 18 U.S.C. §921(a)(20) where it states,

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Petitioner was originally convicted for his first two crimes under an Illinois statute that prohibited felons from carrying firearms for five years after being released from prison. ILL. Rev. Stat. Ch. 38, ¶¶ 24–1.1(b), 24–3.1 (1975). In 1984 this law was amended and, since then, no convicted felon may possess a firearm at any point unless the convicted felon receives express permission from the Director of the State Police, regardless of the date of conviction. This law applies retroactively, so if a felon was convicted prior to the change in the law, that conviction bars him from possessing a weapon from the date the change in law took effect. *Adams*, 698 F.3d at 967.

In *Melvin v. United States*, the Seventh Circuit analyzed a situation similar to the case at hand. 78 F.3d 327 (7th Cir. 1996), *cert. denied*, 519 U.S. 963 (1996). Melvin argued that his rights were restored five years after his release from prison and under the second sentence of section 921(a)(20) his convictions did not count as predicate offenses under section 924(e). *Id.* at 329. The Court

explained that if an individual has their rights restored as an operation of statute, rather than through a document with an explicit pardon or restoration of rights, the second sentence of §921(a)(20) (cited above) is not applicable. *Id.*

The Court cited a prior Seventh Circuit case, *United States v. Erwin*, to support the interpretation that the second sentence does not apply to a statutory restoration of rights. *Id.*; 902 F.2d 510, 513 (7th Cir. 1990), *cert. denied*, 498 U.S. 859 (1990). The *Melvin* court held, in the end, that even if Illinois law allowed Melvin to possess firearms prior to the date of the new statute, it "does not require the permanent exclusion of Melvin's three Illinois convictions for purposes of invoking section §924(e)'s mandatory minimum sentences. Illinois did not allow Melvin to possess guns at the time of his arrest in 1988. To borrow a phrase from Erwin, 'that is that.'" *Melvin*, 78 F.3d at 330 (internal citations omitted).

The Seventh Circuit has stated "this circuit determines whether a person is convicted within the meaning of [§921(a)(20)] by determining whether a person would be considered convicted for purposes of the convicting state's 'felon in possession' statute." *United States v. Walden*, 146 F.3d 487, 491 (7th Cir. 1998). As stated above, Illinois' "felon in possession" law applies retroactively and therefore a felon is deemed convicted under the law even if the conviction happened prior to 1984. *Melvin*, 78 F.3d at 329. It follows, then, that if an individual is convicted under Illinois law that person is convicted under the ACCA as well. *Id.*

Petitioner argues that *United States v. Adams* acknowledged an ex post facto issue when they stated that "We could understand an argument that, as a matter of federal law, a conviction that ceases to count under § 921(a)(20), say because the felon is pardoned, is not restored to 'conviction' status when state law changes." 698 F.3d at 967.

Petitioner also briefly cites *Flores-Leon v. I.N.S.,* where the Seventh Circuit stated the "Ex Post Facto Clause prohibits retrospective application of criminal laws that materially disadvantage the defendant." 272 F.3d 433, 440 (7th Cir. 2001). He states that 720 ILCS 5 24-1.1 is a criminal statute that disadvantages him, post-dates his initial §2255, and is contrary to the holding in *Melvin* and *Erwin*.

This Court does not find petitioner's arguments persuasive on these points. *Melvin* and *Erwin* are still good law in the Seventh Circuit and have not been overturned. This Court does not have the authority to overturn those cases and form new precedent. As respondent notes, petitioner's three prior convictions were all under Illinois law. 720 ILCS 5 24-1.1 forbids all convicted felons from possessing guns and applies retroactively. Petitioner's three convictions count under 18 U.S.C. §921(a)(20) and he is subject to an enhanced sentence under 18 U.S.C. §924(e) as a result. 720 ILCS 5 24-1.1 applies regardless whether someone's civil rights have been restored or not. When petitioner was convicted and sentenced in 1991 he did not have the right to a firearm. Therefore, petitioner is subject to the enhanced sentence he received under 18 U.S.C. §924(e).

2. The Savings Clause

The Court will, for arguments sake, analyze each of the cases that petitioner puts forth to support his claim that his petition falls under the savings clause of 28 U.S.C. §2255(e). Petitioner cites *United States v. Adams* to support his claim that his right to carry a firearm had been restored and therefore his offenses in 1970 and 1973 were not valid predicate ACCA offenses. 698 F.3d 965. In *Adams*, the Seventh Circuit found that the petitioner's right to possess firearms under Illinois law had not been restored following his two prior convictions for violent felonies. The Court stated that "[t]o apply §921(a)(20) the federal court must decide whether a felon's civil rights have actually been restored (or a misleading document has been received)—and that depends on law and events (including the contents of documents) at the time of the potential restoration." *Id*, at 968–69.

As a preliminary matter, the Court notes that *Adams* has not been found to be retroactive and therefore may not be applicable under the savings clause. Further, *Adams* is not a statutory interpretation case. Petitioner argues that it applies retroactively and was a statutory interpretation case because the "Seventh Circuit decision 'narrow[ed] the scope of a criminal statute by interpreting its terms.'" Doc. 22, pg. 2, internal citations omitted.  He relies heavily on the second to last sentence of the opinion which states, "If *Melvin* and *Walden* are problematic, it is only when a state restores a felon's civil rights and then changes its law after the restoration." *Adams,* 698 F.3d at 969.

A case does not become one of statutory interpretation because the Court

9

looked at a statute during its analysis. The Court's holding in *Adams* was based on case precedent and the case does not qualify as one of statutory interpretation. *Id.* As respondent notes, the Seventh Circuit's statement about when *Melvin* and *Walden* may be problematic is simply dicta regarding a hypothetical. This Court cannot change binding Seventh Circuit precedent based on dicta or hypotheticals. The Court in *Adams* explicitly refused to overturn *Melvin* and *Walden*, and as a result those cases are both still precedential in the Seventh Circuit. *Adams*, 698 F.3d at 967.

Petitioner also cites *Caron v. United States*, 524 U.S. 308 as support for his arguments under *Adams*. *Caron* is a statutory interpretation case that occurred after petitioner's §2255 petition. Further, *Caron* was found to be retroactive in cases in the Fourth and Ninth Circuits.[4] The question then becomes whether there is a fundamental defect in petitioner's sentence as a result of *Caron*. In *Caron*, the Supreme Court determined

> whether a felon who, as a matter of state law, could possess *some* firearms, but not *all* firearms, must be treated under §921(a)(20) as a person whose civil rights have been restored. The Court held that only entitlement to possess all firearms restores civil rights and cause the state conviction to be disregarded for federal purposes.

*Adams*, 698 F.3d at 968. Petitioner argues that *Caron* overturned *Melvin* and *Walden* because the Court stated that the "first clause of the second sentence defines convictions . . . and restorations of civil rights by reference to the law of

---

[4] *United States v. Qualls*, 172 F.3d 1136, 1138 (9th Cir. 1999), *United States v. Rainey*, 2000 U.S. App. LEXIS 1192, *1 (4th Cir. 2000).

10

the convicting jurisdiction." *Caron*, 524 U.S. at 313.

The Seventh Circuit discussed *Caron* at length in *Adams*. They determined that *Caron* did not show that post-conviction events like statutory changes "are no less relevant than post-conviction pardons to the question whether civil rights have been restored." *Adams*, 698 F.3d at 968. As a result, the Seventh Circuit maintained that a post-conviction statutory change (like 720 ILCS 5 24-1.1) that affects civil rights is binding and enforceable under *Caron*. Petitioner cannot prove a fundamental defect in his sentence as a result of *Caron*.

Finally, petitioner cites *United States v. Osborne* as evidence that his rights were restored. 262 F.3d 486. As respondent explains, and petitioner concedes, *Osborne* is a Fifth Circuit case that is in direct opposition to the holdings of the Seventh Circuit.[5] This Court is obligated to follow Seventh Circuit precedent and cannot follow the holdings of other circuits when there is a circuit split on a legal issue. Therefore, petitioner cannot rely on *Osborne* as precedent to support his case.

---

[5] "In reaching this conclusion, we are taking sides in a conflict amongst the federal circuits. . .The Seventh Circuit appears to be of a contrary view. . . Neither Melvin nor the cases it cites, however, explain how its interpretation can be squared with the plain text of the statute. We are unable to agree that "such ... restoration" includes statutes not passed at the time the felon's civil rights were restored." *Osborne,* 262 F.3d at 491.

## Conclusion

This action is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 9th day of November, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.11.09 10:20:33 -06'00'

United States District Judge